UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KARIM ZEIN**                                                                                       **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:24-CV-P196-JHM**

**DEVON CANUP** *et al.*                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

### I.

Plaintiff Karim Zein is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He sues four KSP officials – Deputy Warden Jacob Bruce and Corrections Officers Devon Canup, Justin Horne, and Cassandra Johnson. Plaintiff sues these Defendants in both their official and individual capacities. He alleges that they have violated his constitutional rights during his incarceration at KSP. As relief, Plaintiff seeks damages and injunctive relief.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A. 42 U.S.C. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Official-Capacity Claims

As stated above, Plaintiff sues all four Defendants, who are state officials, in their official capacities. When state officials are sued in their official capacities for damages, they are not

2

"persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Thus, the Court will dismiss Plaintiff's official-capacity § 1983 claims for damages for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Eighth Amendment Excessive Force

Plaintiff alleges that Defendant Canup used excessive against him when he sprayed Plaintiff in the face with OC spray "without need or provocation." Based upon this allegation, the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Canup in his individual capacity. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

#### b. First Amendment Free Exercise

Plaintiff alleges that Defendant Horne forced him to kneel in a dirty shower even though Plaintiff's religion prohibits him from kneeling in unclean environments. Plaintiff also alleges that Defendant Johnson confiscated his "religious books." Plaintiff asserts that these alleged actions violated his rights under the First Amendment Free Exercise Clause.

"Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015).

Here, Plaintiff does not identify his religion. He also fails to explain how kneeling in a

dirty shower and/or the seizure of his "religious books" substantially burdened his religious exercise. Thus, Plaintiff's First Amendment claims against Defendants Horne and Johnson in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

### c. Fourth Amendment Unlawful Seizure

Plaintiff alleges that Defendant Johnson unlawfully seized his shoes, photos, photo albums, legal documents, address book, religious books, clothes, and hygiene products, in violation of the Fourth Amendment.

This Court recently explained the law regarding such a claim as follows:

> The Fourth Amendment to the U.S. Constitution, as applied to the States through the Fourteenth Amendment, prohibits "unreasonable searches and seizures." *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (quoting U.S. Const. amend. IV). "The Fourth Amendment, however, applies only when 'the person invoking its protection can claim a justifiable, a reasonable or a legitimate expectation of privacy that has been invaded by government action.'" *Jones v. Caruso*, No. 2:11-CV-65, 2011 U.S. Dist. LEXIS 94579, at *25 (W.D. Mich. Aug. 24, 2011) (quoting *Hudson v. Palmer*, 468 U.S. 517, 525 (1984)). The Supreme Court has held that the search of a prisoner's cell does not violate the Fourth Amendment because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson*, 468 U.S. at 526. According to the *Hudson* Court, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id*. at 527-28. Additionally, this "rule applies to searches and seizures in equal measure." *House v. Henderson Cnty. Det. Ctr.*, No. 4:21-CV-00038-JHM, 2022 U.S. Dist. LEXIS 166700, at *12 (W.D. Ky. Sept. 15, 2022). Consequently, Plaintiff does not state a Fourth Amendment claim based upon the seizure of his personal property.

*Nutter v. Wyatt*, No. 4:23-CV-P22-JHM, 2023 U.S. Dist. LEXIS 115500, at *5-6 (W.D. Ky. July 2, 2023).

Thus, this claim against Defendant Johnson mut be dismissed for failure to state a claim upon which relief may be granted.

4

#### d. Eighth Amendment Conditions of Confinement

The Court next turns to what it construes as an Eighth Amendment claim based upon Plaintiff's conditions of confinement while in segregation. Plaintiff alleges that during his twenty-six hours in segregation, the cell was cold, he had no mattress, and the only clothing he was allowed was a pair of paper boxers.

An Eighth Amendment claim includes both an objective and a subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires the plaintiff to demonstrate that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. In the context of conditions of confinement, the Eighth Amendment's prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement." *Id.* at 832. However, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The Court concludes that Plaintiff's described conditions of confinement while in segregation do not violate the Eighth Amendment. *See, e.g.*, *Watison v. Perry*, No. 23-5059, 2024 U.S. App. LEXIS 3674, at *6 (6th Cir. Feb. 15, 2024) (nine days in segregation in a cold cell with no bedding or change in clothing not so severe as to violate the Eighth Amendment); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment"); *Wells v. Jefferson Cnty. Sheriff*

5

*Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (allegations that the plaintiff was forced to sleep in a cold cell for six days does not rise to the level of a constitutional violation); *Dean v. Campbell*, No. 97-5955, 1998 U.S. App. LEXIS 17782, at *5-6 (6th Cir. July 30, 1998) (confinement in a cold segregation cell for more than twenty days not sufficient to show the type of extreme deprivation necessary for an Eighth Amendment conditions of confinement claim"); *Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545, at *2 (6th Cir. Feb. 15, 1996) (deprivation of a mattress for a 14-day period does not violate the Eighth Amendment); *Chilton v. Walters*, No 3:21 CV 1312, 2022 U.S. Dist. LEXIS 32066, at *6-10 (N.D. Ohio Feb. 23, 2022) (being placed in a cold cell in only a paper gown and without a blanket or mattress for nine days does not violate the Eighth Amendment); *Martinez v. Gore*, No. 5:21-cv-P50-TBR, 2021 U.S. Dist. LEXIS 104358, at *7 (W.D. Ky. June 2, 2021) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state an Eighth Amendment claim.")

Thus, the Court will dismiss Plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted.

### e. Fourteenth Amendment Procedural Due Process

Plaintiff also alleges that he was held in segregation "beyond the time prescribed by policy" and that his detention order was not signed by Defendant Bruce. Plaintiff alleges that he wrote a letter to Defendant Bruce regarding these issues but that Defendant Bruce "neglected to do his duties." Plaintiff alleges that he was held in segregation for twenty-six hours.

In *Sandin v. Conner,* the Supreme Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472 (1995). Under *Sandin*, placement in segregation implicates a liberty

6

interest only if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484-87. Courts generally consider the nature and duration of a stay in segregation in determining whether it imposes an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). The Sixth Circuit has held that placement in segregation for a relatively short period of time does not require the protections of due process. Indeed, the Court can find no case in which a stay of one week or less in segregation was considered an "atypical and significant hardship." *See Sandin*, 515 U.S. at 484 (disciplinary segregation for 30 days did not impose and atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant); *cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest).

Thus, because Plaintiff's placement in segregation was so brief, it did not give rise to a protected liberty interest. As such, Plaintiff's procedural due process claim against Defendant Bruce must also be dismissed for failure to state a claim upon which relief may be granted.

### B. RLUIPA

As set forth above, Plaintiff alleges that Defendant Horne forced him to kneel in a dirty shower and that Defendant Johnson confiscated some of his "religious books." The Court construes Plaintiff's RLUIPA claims as brought against Defendants Horne and Johnson in their official capacities for injunctive relief only. *See Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.");

*Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014) ("RLUIPA does not permit money damages against state prison officials, even when the lawsuit targets the defendants in their individual capacities.") (citing *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .")).

RLUIPA prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a). Here, Plaintiff's RLUIPA claims fail for the same reason his First Amendment free-exercise claims failed – because he does not identify his religion or explain how the above actions substantially burdened his religious exercise.

Thus, the Court will also dismiss Plaintiff's RLUIPA claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's official-capacity claims against all Defendants; individual-capacity claims against Defendants Johnson, Horne, and Bruce; First Amendment free-exercise claim; Fourth Amendment unlawful seizure claim; Eighth Amendment conditions-of-confinement claim; Fourteenth Amendment procedural due process claim; and RLUIPA claims are DISMISSED pursuant § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Because no claims remain against Defendants Johnson, Horne, or Bruce, the **Clerk of Court** is **DIRECTED** to **terminate them as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the Eighth Amendment excessive-force claim it has allowed to proceed.

Date: February 20, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Canup
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011

9