UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

KARIM ZEIN                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 5:24-CV-00196-JHM

DEVON CANUP                                                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion by Defendant Officer Devon Canup for summary judgment pursuant to Federal Rule of Civil Procedure 56. (DN 32). Plaintiff Karim Zein filed a response.[1] (DN 53). Plaintiff also filed a supplemental response after review of Defendant's responses to Plaintiff's second set of interrogatories. (DN 68). Defendant filed no reply. Accordingly, this matter is fully briefed and stands ripe for decision.

**I.**

Plaintiff, an incarcerated and convicted prisoner at Kentucky Sate Penitentiary ("KSP"), filed the instant *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration at KSP. (DN 1). The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and allowed an Eighth Amendment excessive force claim to proceed against Defendant in his individual capacity. (DN 6). Defendant now moves for summary judgment on Plaintiff's Eighth Amendment excessive force claim.

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the

---

[1] Plaintiff titled the document a "Motion to Dismiss Motion for Summary Judgment"; however, the Court shall construe the filing as a response to Defendant's Motion for Summary Judgment.

basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-movant must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and a party's "status as a *pro se* litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of

2

summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

## III.

### *A. Plaintiff's Allegations*

On October 14, 2024, Plaintiff arrived at KSP as a transfer from Lee Adjustment Center. (DN 1-1, PageID #: 11). Plaintiff contends that, upon arrival to KSP, Plaintiff was taken to the transportation arrival and departure ("TAD") building for a strip-search. (DN 27, PageID #: 109). Defendant conducted a strip-search, alongside another Officer, finding no contraband. (DN 1-1, PageID #: 11). Plaintiff alleges he was then transported to a body scanning machine; however, the machine was not operational. (DN 27, PageID #: 111). Accordingly, Plaintiff maintains that Defendant ordered Plaintiff back into the strip-cage for a second strip-search to be conducted. (*Id*.). While the second strip-search was occurring, Defendant ordered Plaintiff to face the wall, squat, and cough three times. (*Id*., PageID #: 111-12). Plaintiff maintains that he was confused by Defendant's orders and when he asked for clarification Defendant used pepper spray on Plaintiff's face, neck, and ear, with the spray migrating down to Plaintiff's genitals. (*Id*.).

### *B. Defendant's Motion for Summary Judgment*

Defendant agrees that Plaintiff was subject to a strip-search upon arrival at KSP. (DN 32-1, PageID #: 156). Defendant maintains that once Plaintiff was ordered to bend at the waist, "[Plaintiff] moved his hands toward his face/mouth area appearing to the officers to be concealing contraband." (*Id*.). Defendant contends that Plaintiff ignored an order to stop and drop what he had in his hand, which necessitated the use of pepper spray by Defendant on Plaintiff's head and neck area. (*Id*.).

3

Defendant contends that the Eighth Amendment precludes the unnecessary and wanton infliction of pain against a prisoner. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). (*Id*., PageID #: 158). Defendant also points to caselaw setting forth a two-pronged objective and subjective test to determine what constitutes an "unnecessary and wanton" infliction of pain. *See Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023) (citing *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021)). (*Id*.).

Defendant contends that, in the use-of-force context, while a prisoner does not have to prove an extreme or serious harm, a prisoner must show that the use-of-force utilized must offend contemporary standards of decency to satisfy the objective prong. *See Johnson*, 79 F.4th at 616. (*Id*.). Defendant contends that Plaintiff did not suffer any injury from being sprayed with pepper spray; accordingly, he cannot satisfy the objective prong of the test. (*Id*.).

With regard to the subjective prong, a prisoner must prove that the use-of-force was used "maliciously and sadistically to cause harm." *See Johnson*, 79 F.4th at 616. (*Id*.) Defendant maintains that Plaintiff also fails on this prong because: (i) Plaintiff has not shown that Defendant had the requisite malevolent intent to satisfy an Eighth Amendment excessive force claim; (ii) Defendant's actions were based on Plaintiff's noncompliance and the Sixth Circuit has held that "the use of … chemical agents against recalcitrant prisoners" does not violate the Eighth Amendment. *See Robertson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014); and (iii) the use of pepper spray was proportional to the threat. (*Id*., PageID #: 159-60). Lastly, Defendant argues generally that he is entitled to qualified immunity. (*Id*., PageID #: 160).

*C. Plaintiff's Response and Supplemental Response*

Plaintiff contends that there is a genuine dispute of material fact arguing that "[Plaintiff] was being 'non-threatening', and 'passively resisting', [Defendant's] order to remove his hand

from his mouth and produce[] the alleged contraband . . . by spraying [Plaintiff], [Defendant] violated [Plaintiff's] protection from Cruel and Unusual Punishment under the 8th Amendment[.]" (DN 53, PageID #: 311).

Plaintiff's supplemental response raises the following arguments:

1.     Plaintiff contends that Defendant has admitted that no contraband was found during any of the searches that were conducted; accordingly, Plaintiff could not comply with an order to drop something that did not exist.  Thus, Plaintiff contends the use of pepper spray was unjustified. (DN 68, PageID #: 396).  Relatedly, Plaintiff contends that there was no penological justification for the use of pepper spray because of the lack of a finding of contraband.  (*Id.*, PageID #: 396-97);

2.     The deployment of pepper spray violated the contemporary standards of decency and was malicious and sadistic, as Plaintiff was non-combative and non-argumentative.  (*Id.*, PageID #: 397-98);

3.     Plaintiff contends that Defendant has not adequately described the contraband that Defendant was supposed to drop; nor has Defendant provided physical evidence of the amount of pepper spray actually used, but merely the weight of the cannister prior to and after the use of force.  (*Id.*, PageID #: 398, 400);

4.     Plaintiff contends that Defendant's statements do not match up with Warden Laura Plappert's sworn statements regarding whether contraband was allegedly in Plaintiff's mouth or hand.  Specifically, Plaintiff points to Warden Plappert's affidavit (DN 35-1) in which Warden Plappert provided "the deployment of [pepper spray] on [Plaintiff] was unplanned as he appeared to be concealing contraband in his mouth and did not follow orders to stop placing his hands around his face/mouth area."  (*Id.*, PageID #: 192-93).  Plaintiff contrasts Warden Plappert's sworn

5

statement with Defendant's representation that "[Plaintiff] ignored an order from [Defendant] to stop and drop what he had in his hand[.]" (DN 32-1, PageID #: 156).  Plaintiff argues that Warden Plappert's statement that contraband was in Plaintiff's mouth and Defendant's representation that contraband was in his hand creates a genuine dispute of material fact.  (DN 68, PageID #: 399-400);

5.    Plaintiff further contends that there is no accounting for the events that took place from 6:00 p.m. to 6:26 p.m. which raises factual questions as to the context leading to Defendant's use of force.  (*Id*., PageID #: 400-01);

6.    Plaintiff argues that Defendant's supervisor, Lieutenant Nielsen, falsified the incident report based on the incident report providing that "Lt. Nielsen's report doesn't match IRT." *See* (DN 32-2, PageID #: 165);

7.    Plaintiff contends that the disciplinary report was prepared eleven days after the alleged use of excessive force, which calls into question its veracity.  (*Id*., PageID #: 402-03).

**IV.**

Plaintiff asserts an Eighth Amendment excessive force claim against Defendant for his use of pepper spray against him on October 14, 2024.  (DN 1-1, PageID #: 12).  The Eighth Amendment provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  The ban on cruel and unusual punishments prohibits the "unnecessary and wanton infliction of pain" on prisoners.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation omitted).  An Eighth Amendment claim has an objective and subjective components.  *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023); *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014).  "Objectively, harm to a prisoner must rise to a sufficiently serious level because the Eighth Amendment prohibits only 'cruel and unusual'

6

deprivations, not just uncomfortable or 'even harsh' ones." *Johnson*, 79 F.4th at 615 (quoting

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "Subjectively, harm to a prisoner must result

from a prison official's sufficiently volitional actions because the Eighth Amendment bars only

willful conduct that 'inflict[s]' 'punishment,' not accidental conduct that causes injury." *Johnson*,

79 F.4th at 615 (quoting *Philliips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021)).

The subjective inquiry focuses on "'whether force was applied in a good faith effort to

maintain or restore discipline or maliciously and sadistically for the very purpose of causing

harm.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). To

determine the good faith of the alleged assailant, courts should consider the reasons or motivation

for the conduct, the type of excessiveness of the force used, and the extent of the inflicted injury.

*See Id.* at 7. The Supreme Court has recognized that the extent of an inmate's injury may be

suggestive of whether force was applied in a good-faith manner, *see id.*, and the extent of force

involved. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "More generally, [the Sixth Circuit has]

added that, while judges may review an encounter by slowing down, pausing, and replaying video,

officers have no such luxury. They must make quick decisions in the heat of the moment."

*Johnson*, 79 F.4th at 618. As a result, the Sixth Circuit instructs courts to "defer to [the officer's]

decisions and avoid 'unreasonable post hoc judicial second-guessing' of their conduct." *Id.*

(quoting *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008)).

Further, the Sixth Circuit has held that use of pepper spray to force an inmate's compliance

with direct orders is not excessive. *See Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021) (holding

that the defendant corrections officer's use of pepperballs on a pretrial detainee who failed to

comply with an order to get on the ground was reasonable given that the defendant used a non-

lethal weapon that caused only minor injuries that lasted a few days); *Jennings v. Mitchell*, 93

F. App'x 723, 725 (6th Cir. 2004) (holding that defendant corrections officers did not violate the Eighth Amendment by using pepper spray on the plaintiff when he refused their repeated orders to leave the shower); *Siggers v. Renner*, 37 F. App'x 138, 140-41 (6th Cir. 2002) (use of pepper spray to force the plaintiff to submit to a haircut was not excessive).

## *A. Objective Component*

The objective component of establishing an excessive-force claim requires the prisoner to prove that "sufficiently serious" pain was inflicted. *Williams v. Curtin*, 631 F.3d at 383. "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Hernandez v. Simmons*, No. 19-5344, 2020 U.S. App. LEXIS 29233, at *1-2, 7 (6th Cir. Sept. 14, 2020) (affirming entry of summary judgment where the inmate alleged that "the chemical agents burned his eyes and skin and 'melted' his contact lenses to his eyes, causing his eyes to bleed when he removed his contact lenses" finding that the alleged injuries did not meet the objective component). The use of pepper spray or mace to control a prison inmate is not malicious or sadistic, per se. *Id.* (citing *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002)). "Even where a suspect does not actively resist, an excessive-force claimant must show something more than de minimis force." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at *7-8 (quoting *Hudson*, 503 U.S. at 9-10).

Here, Plaintiff does not allege that he sustained any injury "other than the infliction of pepper spray itself."[2] *Garcia v. Geo Grp., Inc.*, No. 3:22cv1400-TKW, 2023 U.S. Dist. LEXIS 233289, at *9 (N.D. Fl. Dec. 19, 2023) (granting summary judgment, in part, finding that pepper spray causes only temporary discomfort). "Although exposure to [pepper spray] is certainly unpleasant, it typically does not rise above the level of 'de minimis and temporary discomfort.'" *Pullen v. Tabor*, No. 1:20-cv-00050, 2024 U.S. Dist. LEXIS 143758, at *31 (S.D. Ohio Aug. 13, 2024) (quoting *Jeter v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-CV-00756, 2019 U.S. Dist. LEXIS 175068, at *15 (S.D. Ohio Oct. 9, 2019), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 23308 (S.D. Ohio Feb. 11, 2020)). The Court finds that Defendant's use of pepper spray on Plaintiff was not the sort of force "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. For this reason, the Court finds that Plaintiff has failed to present a genuine issue of material fact with regard to the objective component of an excessive-force claim.

### B. Subjective Component

To decide whether Plaintiff meets the subjective component of an Eighth Amendment claim, the Court turns to the factors identified by the Sixth Circuit in *Johnson v. Sootsman*, the first being the extent of Plaintiff's injury. As stated above, Plaintiff's injury from the OC spray amounted to temporary discomfort, which weighs against Plaintiff meeting the subjective prong.

As to whether the nature of the threat justified the use of force, there is no dispute that Plaintiff did not comply with Defendant's orders during the strip search.[3] Plaintiff's repeated failure to comply with Defendant's orders demonstrates that Defendant did not use the force

---

[2] Plaintiff refused decontamination procedures. (DN 32-2, PageID #: 163; DN 27, PageID #: 116-17). Otherwise, the incident report noted that Plaintiff's speech was clear, he was respirating adequately, no obvious injuries were noted by medical staff, and Plaintiff reported no injuries himself. (DN 32-2, PageID #: 163).

[3] Plaintiff contends generally that his disobedience was the result of confusion regarding what Defendant's orders were; however, Plaintiff stops short of disputing his disobedience.

"maliciously or sadistically to cause harm" but did so in a "good-faith effort to maintain or restore discipline" for an inmate who was disobeying his orders. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (summary judgment granted where videotape squarely demonstrates that inmate disobeyed repeated direct orders prior to the use of pepper spray); *Siggers v. Renner*, 37 F. App'x 138 (Table) (6th Cir. 2002) (summary judgment was properly granted in favor of corrections officers who used pepper spray on inmate because they reasonably perceived inmate's refusal to leave a strip cage as a threat to prison security).

Next, the Court turns to whether the amount of force used was proportional to the threat. In this instance, Defendant ordered Plaintiff to bend over, spread his buttocks and cough; however, Plaintiff reached toward his mouth and was pepper sprayed by Defendant. In general, courts are more likely to find the use of pepper spray reasonable if a correctional officer could have feared for his or her safety and are less likely to find the use of pepper spray reasonable where the prisoner posed no threat to the security of the institution. *See Lawrence v. Thompson*, Civil Action No. 3:14-cv-P919-DJH, 2016 U.S. Dist. LEXIS 78978, at *14 (W.D. Ky. June 16, 2016) (citing *Treats v. Morgan*, 308 F.3d 868 (8th Cir. 2002)). In this instance, it is reasonable for Defendant to believe that Plaintiff could have been concealing something harmful in his mouth and fear for Defendant's safety was reasonable. Further, the Sixth Circuit has routinely held that the use of chemical agents on recalcitrant prisoners is not violative of the Eighth Amendment. *See Caldwell v. Moore*, 986 F.2d 595, 600 (6th Cir. 1992) (collecting cases). Accordingly, the use of force was proportional to the threat imposed by Plaintiff's refusal to comply with direct orders, and this factor weighs in favor of Defendant.

The final factor to consider is whether Defendant took any actions designed to reduce the amount of force used. In this case, the use of force consisted of a single, short blast of pepper

10

spray and Plaintiff was transported to medical personnel less than 30 minutes from Defendant's use of pepper spray. (DN 32-2, PageID #: 162). The Court finds that the minimal use or force and the prompt transportation of Plaintiff to medical personnel also weighs in favor of a finding that Defendant's use of force was not done maliciously and sadistically to cause harm.

In light of the undisputed evidence and this jurisprudence, the Court concludes that no reasonable jury could find that Defendant used excessive force when he deployed the pepper spray under the conditions reflected in the record and incident report. Accordingly, Defendant's motion for summary judgment will be granted.

## V.

For the reasons set forth above, **IT IS ORDERED** that Defendant's motion for summary judgment (DN 32) is **GRANTED**. The Court will enter a separate judgment consistent with this Memorandum Opinion and Order.

Date:    July 21, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, pro se
       Counsel of record
4414.016

11